IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-00593-FL

| | |
|---|---|
| WILLIAM SCOTT DAVIS, JR., ) <br> as next friend to J.F.D., minor, ) <br> and J.F.D., a minor, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> BEVERLY PERDUE, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM AND RECOMMENDATION** |

This cause comes before the Court upon Plaintiff's application to proceed *in forma pauperis* (DE-1) and for frivolity review, referred to the undersigned. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. The motion to proceed *in forma pauperis* (DE-1) is therefore GRANTED.

However, the Court must also conduct a review pursuant to 28 U.S.C. § 1915, which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. In making the frivolity determination, pro se complaints are entitled to more liberal treatment than pleadings drafted by attorneys. White v. White, 886 F.2d 721, 724

1

(4th Cir. 1989). However, even a pro se pleading must contain "'more than labels and conclusions.'" Giarratano v. Johnson. 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that the plaintiff's claims are not clearly baseless, the court must weigh the plaintiff's factual allegations in his favor in its frivolity analysis. Denton, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. White, 886 F.2d at 724. Dismissal may be appropriate where the complaint contains a detailed description of underlying facts that fail to state a viable claim. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976).

Plaintiff has filed at least ten cases in this Court. (DE-2). Five of these cases have been dismissed as frivolous. *See* Davis v. Singer, et al., 5:08-CV-186-FL; Davis v. State of North Carolina, et al., 5:11-CT-3258-F; Davis v. Wilkinson, 5:11-CV-31-BO; Davis v. Hunt, 5:11-CV-35-D; Davis v. Durham, 5:11-CV-36-H. The undersigned recently conducted a frivolity review of a similar complaint filed by Plaintiff and determined that the complaint was frivolous. Davis v. Mitchel, No. 5:12-CV-493-F, Aug. 31, 2012. The undersigned also recommended that a pre-filing injunction be entered against Plaintiff. For all of the reasons set forth in the August 31, 2012 memorandum and recommendation, the undersigned concludes that the instant complaint is likewise frivolous and should be dismissed. Consistent with Plaintiff's previous filings, the allegations set forth in Plaintiff's instant complaint are conclusory, rambling and disjointed. As before, Plaintiff names multiple defendants, but it is difficult--if not impossible--to understand the specific allegations he is making with regard to each individual

defendant.  And yet again, Plaintiff appears to be attempting to raise matters related to child custody and the termination of his parental rights, claims previously asserted in each of his complaints.  In addition, Plaintiff asserts he was wrongfully convicted of forgery and obtaining property by false pretenses.  He seeks $1,000,000,000.00 in compensatory and punitive damages.

Plaintiff's allegations, while voluminous, lack sufficient coherent details or context to enable an informed review by this Court.  As such, the complaint fails to set forth "a short and plain statement that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Even if Plaintiff had satisfied the "short and plain statement" requirement of Rule 8, his claims and supporting allegations are so vague and conclusory that they fail to state a plausible claim for relief.  The complaint should therefore be dismissed for these reasons.

Most of the instant 61-page complaint appears to be excerpted from his attorney's brief to the North Carolina Court of Appeals challenging Plaintiff's conviction of forgery and obtaining property by false pretenses.  The North Carolina Court of Appeals considered Plaintiff's arguments and found no error in his convictions.  *See* State v. Davis, No. COA10-283, 2011 N.C. App. LEXIS 72 (N.C. Ct. App., Jan. 18, 2011).  To the extent Plaintiff now seeks to recover money damages for his allegedly unconstitutional conviction and imprisonment, he fails to demonstrate that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  *See* Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  This is yet another ground for the dismissal of Plaintiff's complaint.

Finally, "federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters."  Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006) (citing Cole v. Cole, 633 F.2d 1083, 1087 (4th Cir. 1980)).  This is because child custody matters are better handled by state courts which have the experience to deal with this specific area of the law.  *Id.*  Therefore, Plaintiff's complaint is also frivolous inasmuch as he challenges issues of child custody.

For each of these reasons, it is HEREBY RECOMMENDED that Plaintiff's complaint be

3

Case 5:12-cv-00593-FL   Document 3   Filed 09/13/12   Page 3 of 4

DISMISSED AS FRIVOLOUS.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 13th day of September, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE